# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-491-RJC-DCK

| | |
|---|---|
| ROBERT BREYAN, | ) |
| Plaintiffs, | ) |
| v. | ) MEMORANDUM AND |
|  | ) RECOMMENDATION |
| U.S. COTTON, LLC LONG TERM DISABILITY PLAN, U.S. COTTON, LLC, RELIANCE STANDARD LIFE INSURANCE COMPANY, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Custom Disability Solutions' Motion To Dismiss" (Document No. 19); "Plaintiff's Motion To Strike Affidavit And Reply Memorandum" (Document No. 30); and "Plaintiff's Motion To File Sur-reply Brief" (Document No. 31). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motions be <u>denied</u>.

## I. BACKGROUND

Plaintiff Robert Breyan ("Plaintiff" or "Breyan") filed the "Complaint" (Document No. 1) initiating this action on August 1, 2012. Plaintiff asserts claims against U.S. Cotton, LLC Long-Term Disability Plan (the "Plan"); U.S. Cotton, LLC ("U.S. Cotton"); and Reliance Standard Life Insurance Company ("Reliance") (together, "Defendants") pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). (Document No. 1).

On November 30, 2012, Plaintiff filed the "Affidavit Of Bryan L. Tyson" (Document No. 13) which has been construed by the Court as an "Affidavit of Service" as to Defendant Reliance.  On December 3, 2012, a "Notice Of Appearance" (Document No. 15) was filed by "Hannah Styron Symonds, counsel for Defendant Reliance Standard Life Insurance Company ('Defendant')."  Also on December 3, 2012, "Defendant Reliance Standard Life Insurance Company," acknowledging that a response to Plaintiff's Complaint was due December 5, 2012, filed "Defendant's Motion For Extension Of Time To Answer Or Plead" (Document No. 16). Neither the "Notice Of Appearance" nor "Defendant's Motion For Extension Of Time…" made any reference to any party, or alleged party, other than Defendant Reliance.  (Document Nos. 15 and 16).

On December 19, 2012, "Custom Disability Solutions' Answer To Complaint" (Document No. 18) and the pending "Custom Disability Solutions' Motion To Dismiss" (Document No. 19) were filed with the Court.  Both documents were submitted by Hannah Styron Symonds as "Attorneys for Sun Life." (Document No. 18, p.21; Document No. 19, p.2); <u>see also</u> (Document No. 20, p.15).  To date, it is unexplained what, if any, relationship Sun Life has to this lawsuit.  Both the Answer and the Motion To Dismiss state in rather short and conclusory fashion that Defendant Reliance was incorrectly named in this lawsuit, and that as a division of Reliance, the proper defendant should be Custom Disability Solutions ("CDS"). (Document Nos. 18 and 19).

A "Joint Motion To Stay The Initial Attorney Conference" (Document No. 22) was filed on January 2, 2103.  The "Joint Motion…" provides in pertinent part that

> Custom Disability Solutions states that it is a division of Reliance Standard Life Insurance Company and should be the properly named defendant in this action.  This Motion is not intended as an argument or admission by any party with respect to whether

2

> Reliance or Custom Disability Solutions is a correct party to this action and does not prejudice any argument any party may make in that regard.

(Document No. 22, p.1, n.1).

As of March 11, 2013, "Custom Disability Solutions' Motion To Dismiss" (Document No. 19), as well as the related "Plaintiff's Motion To Strike Affidavit And Reply Memorandum" (Document No. 30) and "Plaintiff's Motion To File Sur-reply Brief," are fully briefed. As such, a Memorandum And Recommendation to the Honorable Robert J. Conrad, Jr. on these motions is now appropriate.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to

> relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

After careful review, the undersigned finds that the pending motion to dismiss is premature. In short, it is unclear whether Defendant Reliance and/or CDS are proper defendants in this lawsuit. Plaintiff has named Reliance as a defendant, and apparently successfully obtained service of the Complaint on Reliance. As noted above, the parties' "Joint Motion…" acknowledges an ongoing dispute between the parties over who is a properly named defendant. (Document No. 22). Moreover, the filings regarding Reliance (and/or CDS) have been inconsistent -- Ms. Symonds filed an appearance on behalf of Reliance, and requested additional time for Reliance to respond to the Complaint, with no mention of CDS. (Document Nos. 15 and 16). Soon thereafter, Ms. Symonds (appearing for Sun Life) filed an Answer and a Motion To Dismiss, purportedly on behalf of CDS. (Document Nos. 18 and 19).

The undersigned further notes that CDS has attached a "Policy" with its "…Reply Memorandum…" (Document No. 29) that it contends is the "Plan" at issue in this case; however, that document appears to be a contract between Symetra Life Insurance Company

4

and/or the Lincoln National Life Insurance Company, and Defendant U.S. Cotton. (Document No. 29-2). That attachment makes no mention of CDS, Reliance, or Sun Life.

The undersigned acknowledges that it is possible that CDS may ultimately be determined to be a proper party to this lawsuit, and that some or all its reasons for dismissal may be appropriate. At this time, CDS is not a named defendant and no claims are asserted against CDS. (Document No. 1). Nevertheless, CDS's motion expressly seeks relief for CDS. Under the current circumstances, the undersigned will decline to recommend that Defendant Reliance be dismissed from this lawsuit based on arguments in a motion and memorandum presented by Custom Disability Solutions.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Custom Disability Solutions' Motion To Dismiss" (Document No. 19) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that "Plaintiff's Motion To Strike Affidavit And Reply Memorandum" (Document No. 30) and "Plaintiff's Motion To File Sur-reply Brief" (Document No. 31) be **DENIED AS MOOT**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review

by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: April 26, 2013

David C. Keesler
United States Magistrate Judge