UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-491-RJC-DCK

| ROBERT BREYAN | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| U.S COTTON, LLC LONG TERM | ) |
| DISABILITY PLAN ; | ) |
| U.S. COTTON, LLC; and | ) |
| RELIANCE STANDARD LIFE | ) |
| INSURANCE COMPANY | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** comes before the Court on Custom Disability Solutions' Motion To Dismiss, (Doc. No. 19); Plaintiff's Motion to Strike Affidavit and Reply Memorandum, (Doc. No. 30); Plaintiff's Motion to File Sur-reply Brief, (Doc. No. 31); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 42), recommending that this Court deny without prejudice Custom Disability Solutions' Motion to Dismiss, and deny as moot Plaintiff's Motion to Strike Affidavit and Plaintiff's Motion to File Sur-reply Brief.

**I.    BACKGROUND**

Robert Breyen ("Plaintiff" or "Breyan") initiated this action by filing a Complaint on August 1, 2012, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc. No. 1). The following parties were named as Defendants to the lawsuit: U.S. Cotton, LLC Long Term Disability Plan ("The Plan"); U.S. Cotton, LLC ("U.S. Cotton"); and Reliance Standard Life Insurance Company ("Reliance") (together, "Defendants"). (Id.).

On November 30, 2012, Plaintiff filed proof of service of the Complaint and Summons

on Reliance. (Doc. No. 15). On December 3, 2012, attorney Hannah Styon Symonds ("Symonds") filed a Notice of Appearance and a Motion for Extension of Time to Answer or Plead on behalf of Reliance. (Doc. Nos. 15; 16).

On December 19, 2012, Custom Disability Solutions ("CDS"), an entity not named as a party in the Complaint, filed an Answer to the Complaint and a Motion to Dismiss. (Doc. Nos. 18; 19). Symonds, the same attorney representing Reliance, filed both documents for CDS. (Doc. No. 18 at 21). To make matters more confusing, Symonds's signature block on the Answer and Motion to Dismiss read "Attorneys for Sun Life." (Doc. No. 19 at 2). Sun Life is not a party to this action. See (Doc. No. 1). Moreover, the Answer and Motion to Dismiss each included a short conclusory statement that Reliance was incorrectly named in the lawsuit and that CDS, a division of Reliance, was the correct party. (Doc. Nos. 18; 19).

On February 8, 2013, Defendant Reliance/CDS replied to Plaintiff's response to the Motion to Dismiss and attached a copy of U.S. Cotton's Group Insurance Policy ("Policy") as an exhibit. (Doc. No. 29-2). U.S. Cotton is the only named Defendant mentioned in the Policy. See (Id.). As yet another example of Defendant Reliance/CDS's unclear filings, the Magistrate Judge noted in his M&R that this "attachment makes no mention of CDS, Reliance, or Sun Life." (Doc. No. 42 at 5).

Subsequently, Plaintiff filed a Motion to Strike Affidavit and a Motion to File Sur-reply Brief in response to the Motion to Dismiss. (Doc. Nos. 30; 31). The parties filed a Joint Motion to Stay the Initial Attorney's Conference on January 2, 2013, in which Reliance stated that CDS should have been named in the lawsuit. See (Doc. No. 22 at 1).

On April 26, 2013, the Magistrate Judge submitted an M&R in which he recommended

that this Court deny CDS's Motion to Dismiss without prejudice, (Doc. No. 19), and deny as moot Plaintiff's Motion to Strike, (Doc. No. 30), and Plaintiff's Motion to File Sur-reply, (Doc. No. 31). See (Doc No. 42). Defendant Reliance/CDS filed Objections to the M&R on May 10, 2013, and Plaintiff filed a Response to the Objections on May 28, 2013. (Doc. Nos. 43; 44).

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III. DISCUSSION

This Court has reviewed the Magistrate Judge's recommendation to deny CDS's Motion to Dismiss without prejudice and finds that is in accordance with the applicable law. (Doc. No.

3

42). The Magistrate Judge reasoned, and this Court agrees, that the filings are unclear regarding CDS's role in the present case. CDS is not a named party to the lawsuit, and CDS's Motion to Dismiss is, therefore, inappropriate. Defendant Reliance/CDS submitted two objections to the M&R, arguing that (1) the filings are clear and consistent because CDS and Reliance are the same entity; and (2) the Magistrate Judge incorrectly relied on the existence of parties named in the Policy to deny the Motion to Dismiss. Objections to the M&R are reviewed de novo. 28 U.S.C.§ 636(b)(1)(C).

### A. Inconsistent and Unclear Filings

The Magistrate Judge noted several instances where Defendant Reliance/CDS's filings were unclear and inconsistent as to "whether . . . Reliance and/or CDS are proper defendants in this lawsuit." (Doc. No. 42 at 4). The Magistrate Judge noted the following points of confusion: (1) in the Joint Motion to Stay, the parties acknowledge an ongoing dispute regarding whether CDS or Reliance is a proper defendant, (2) CDS does not appear in the Notice of Appearance or in the Answer, and (3) Symonds included "Attorney for Sun Life" in her signature block on the Answer and Motion to Dismiss, despite the fact that Sun Life is not mentioned anywhere else in the lawsuit. (Id.).

Defendant Reliance/CDS objects to the Magistrate Judge's finding that the filings were unclear and inconsistent. (Doc. No. 43 at 2). Defendant Reliance/CDS asserts that it is clear that CDS is the same entity as Reliance for purposes of this lawsuit because all of the letters sent to Plaintiff identified CDS as a division of Reliance. (Id.). It appears to the Court, however, that the letters identifying CDS as a division of Reliance are not dispositive on whether CDS or Reliance is the proper defendant. Capacity to sue a party that is not a corporation is determined

"by the law of the state where the court is located." FED. R. CIV. P. 17(b). "North Carolina does not confer capacity to sue or be sued on unincorporated parts of corporations." Doe v. Bayer Corp., 344 F. Supp. 2d 466, 468, 469 (M.D.N.C. 2004). CDS does not have the capacity to be sued merely because it is a division of Reliance. See Doe v. Bayer Corp., 344 F. Supp. 2d 466, 468 (M.D.N.C. 2004) (referencing North Carolina Supreme Court's finding that a department that is merely an agency of the parent company does not have the capacity to be sued) (citing Nelson v. Atl. Coast Line R. Co. Relief Dep't, 60 S.E. 724, 235 (N.C. 1908)); Smart v. Suntrust Bank, Mid-Atl., No. 4:09cv00015, 2009 WL 1707870, at *1 (W.D. Va. June 18, 2009) (establishing that in Virginia, unincorporated associations may sue or be sued, but unincorporated divisions of corporations cannot sue or be sued). Moreover, the Court agrees with the Magistrate Judge that the Joint Motion to Stay provides no guidance on who the proper defendant is because it "acknowledges an ongoing dispute between the parties over who is a properly named defendant." (Doc. No. 42 at 4); see also (Doc. No. 22 at 1) (recognizing dispute regarding "whether Reliance or Custom Disability Solutions is a correct party to this action . . .").

Defendant Reliance/CDS further argues that Reliance's decision to be identified as CDS rather than Reliance is "merely stylistic and offers no legal support for the denial of its motion." (Doc. 43 at 2). Stylistic or not, the Court cannot grant a Motion to Dismiss filed by a company that is not a party to the case.

Accordingly, the Court agrees with the Magistrate Judge's finding that Defendant Reliance/CDS's filings are unclear and inconsistent, making it difficult to identify the proper named defendant. If Reliance wishes to be identified as CDS rather than Reliance, it must file a

motion to amend the party name. FED. R. CIV. P. 15(c)(1)(C); Locklear v. Bergman & Beving AB, 457 F.3d 363, 365 (4th Cir. 2006) (establishing that Federal Rule of Civil Procedure 15(c) "governs name-changing amendments . . .").

B. Existence of Parties Not Named in the Policy

The Magistrate Judge noted that the Policy appears to be "between Symetra Life Insurance Company and/or Lincoln National Life Insurance Company, and Defendant U.S. Cotton." (Doc. No. 42 at 4; 5; Doc. No. 29-2). The Magistrate Judge correctly stated in the M&R that there is "no mention of CDS, Reliance, or Sun Life" in the Policy which adds to the confusion regarding why the policy was filed in the first place. (Id.). Defendant Reliance/CDS asserts that CDS or Reliance's absence from the Policy has no bearing on CDS's standing and is not material because CDS "applied the clear and unambiguous terms of the Policy and correctly offsets Plaintiff's SSDI benefits . . . ." (Doc. No. 43 at 3).

It appears to the Court that the Magistrate Judge raised the issue of the existence of parties named in the Policy to further demonstrate that the filings were unclear as to who the proper defendant to this lawsuit is. See (Doc. No. 42 at 4, 5). For purposes of this Order, the Court is only concerned with whether CDS is a proper defendant, and therefore, will not address whether the absence of both CDS and Reliance from the Policy has any significance as it pertains to any other issue in the lawsuit.

The Court finds that the Magistrate Judge's M&R is, in all respects, in accordance with the law and should be approved. CDS's Motion to Dismiss is denied without prejudice, and accordingly, Plaintiff's Motion to Strike, (Doc. No. 30), and Plaintiff's Motion to File Sur-reply, (Doc. No. 31), are each denied as Moot. Defendants are warned that any future filings in this

6

lawsuit must clearly and consistently identify the proper parties.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 42), is **ADOPTED**;

2. Plaintiff's Motion to Strike, (Doc. No. 30), and Plaintiff's Motion to File Sur-reply, (Doc. No. 31), are **DENIED as moot**; and

3. Defendant's Motion to Dismiss, (Doc. No. 19), is **DENIED without prejudice.**.

Signed: July 9, 2013

Robert J. Conrad, Jr.
United States District Judge