# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-491-RJC-DCK

| | |
|---|---|
| ROBERT BREYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| US COTTON, LLC LONG TERM ) | |
| DISABILITY PLAN, U.S. COTTON LLC, and ) | |
| RELIANCE STANDARD LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Stay Initial Attorney's Conference Until After Joinder Of Issues" (Document No. 46). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion.

Plaintiff Robert Breyan ("Plaintiff" or "Breyan") filed the "Complaint" (Document No. 1) initiating this action on August 7, 2012. The Complaint asserts claims against U.S. Cotton, LLC Long-Term Disability Plan (the "Plan"); U.S. Cotton, LLC ("U.S. Cotton"); and Reliance Standard Life Insurance Company ("Reliance") (together, "Defendants") pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). (Document No. 1).

Defendants US Cotton, LLC Long-Term Disability Plan and US Cotton, LLC filed a "…Motion For Judgment On The Pleadings" (Document No. 34) on March 7, 2013. The

"…Motion For Judgment On The Pleadings" has now been fully briefed and will be ruled on by the presiding district judge in due course. (Document Nos. 40, 41).

On August 6, 2013, the Court sent a notice to the parties, advising them of the requirement to conduct an Initial Attorney's Conference pursuant to Local Rule. 16.1. This notice further provided, "[i]f appropriate, a party may file a Motion to Stay the Initial Attorney's Conference."

"Defendants' Motion To Stay Initial Attorney Conference Until After Joinder Of Issues" (Document No. 46) was filed on August 15, 2103. The "Motion To Stay…" asserts in pertinent part that

> Local Civil Rule 16.1(A) requires that the parties conduct an Initial Attorney's Conference '[a]s soon as is practicable, and in any event not later than fourteen (14) days **from joinder of the issues**…." (emphasis added). However, "[w]here Rule 12 motions are filed and briefed, **issues will not join until such motions are resolved by the court**, unless otherwise ordered by the Court." LCvR 16.1(D) (emphasis added). Thus, the issues in this case are not yet joined because the Court has not ruled on US Cotton's Rule 12 Motion.

(Document No. 46, p.2).

"Plaintiff's Brief In Response To Defendants' Motion To Stay Initial Attorneys' Conference" (Document No. 47) was filed on August 16, 2013; and Defendants' "Reply In Support Of Defendants' Motion To Stay Initial Attorney's Conference Until After Joinder Of Issues" (Document No. 48) was filed on August 19, 2013. As such, the pending "…Motion To Stay…" is ripe for disposition.

After careful review of the parties' arguments, the undersigned finds good cause to stay the Initial Attorney's Conference until after the pending "…Motion For Judgment On The Pleadings" (Document No. 34) has been ruled on by the Court.

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion To Stay Initial Attorney's Conference Until After Joinder Of Issues" (Document No. 46) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall conduct an Initial Attorney's Conference within **ten (10) days** of the Court's Order resolving Defendants' "…Motion For Judgment On The Pleadings" (Document No. 34).

**SO ORDERED**.

Signed: September 16, 2013

David C. Keesler
United States Magistrate Judge