**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:12-CV-00491-RJC-DCK**

| | |
|---|---|
| **ROBERT BREYAN,**<br><br>   **Plaintiff,**<br><br>  v.<br><br>**US COTTON, LLC; US COTTON, LLC LONG TERM DISABILITY PLAN; and RELIANCE STANDARD LIFE INSURANCE COMPANY,**<br><br>   **Defendants.** | **CONFIDENTIALITY STIPULATION AND AGREED PROTECTIVE ORDER** |

  Pursuant to Rules 26(c) and 29 of the Federal Rules of Civil Procedure, IT IS HEREBY STIPULATED AND AGREED by the parties, Plaintiff Robert Breyan ("Plaintiff") and Defendants U.S. Cotton, LLC (the "Company"), U.S. Cotton, LLC Long Term Disability Plan (the "Plan"), and Reliance Standard Life Insurance Company ("Reliance") (the Company, Plan, and Reliance are, collectively, "Defendants"), by and through their respective counsel, that:

  1. (a) This Confidentiality Stipulation and Protective Order governs the handling of all documents, testimony and other information, including all copies, excerpts, and summaries thereof (collectively, "material"), produced, given or filed during discovery and other proceedings in this action.

    (b) The provisions of this Confidentiality Stipulation and Protective Order shall apply to: (i) the parties in this action, and (ii) any other person producing or disclosing material in this action who agrees to be bound by the terms of this Confidentiality Stipulation and Protective Order. As used herein, "person" includes the named parties to the above-

1

captioned case and others who have agreed to be bound by this Confidentiality Stipulation and Protective Order.

2. Any person may designate as "Confidential" any material which it produces in the course of this litigation (including appeals) when such person (in the case of a corporate party, through a managing agent of the corporate party, which can include its in-house counsel and outside counsel) in good faith believes such material contains non-public information relating to the customers or clients of any party, personal information regarding current and/or former employees, or sensitive commercial, financial, or proprietary business information, including the information contained in, or derived from, the contents of such confidential material (hereinafter "Confidential Material").

3. Confidential Material shall be subject to the following restrictions:

(a) Confidential Material shall be used only for the purpose of this litigation (including appeals) and for no other purpose (unless authorized by this Court) and may, only for the limited purposes set forth in this Paragraph 3(a), be disclosed, given, shown, made available or communicated, directly or indirectly, only to the persons listed in Paragraph 3(b) below.

(b) Confidential Material may be disclosed only to:

(i) the parties to this action and/or employees of the parties who need access to Confidential Material for a purpose articulated in Paragraph 3(a), above;

(ii) deponents in this action;

(iii) counsel of record in this case for the parties, and employees of such counsel;

(iv) the Court (including court reporters, stenographic reporters and court personnel) and jury;

(v) experts and consultants retained by the parties or counsel in this action;

(vi) any government agency seeking access to the information in order to fulfill its jurisdictional responsibilities; and

(vii) any other person as to whom the producing person agrees in writing.

(c) Notwithstanding any of the foregoing provisions, this Confidentiality Stipulation and Protective Order has no effect upon, and its scope shall not extend to, any person's use of its own Confidential Material.

4. Each person given access to Confidential Material pursuant to the terms hereof (other than persons described in Paragraphs 3(b)(iii), (iv), and (vi) above) shall be advised that the Confidential Material is being disclosed in accordance with the terms of this Confidentiality Stipulation and Protective Order and may be disclosed only in accordance with the terms hereof and that the violation of the terms of this Confidentiality Stipulation and Protective Order may constitute contempt of a court order.

5. Confidential Material shall be designated as follows:

(a) In the case of documents, the designation shall be made by placing the legend "CONFIDENTIAL" on the first page of any such document prior to the production.

(b) In the case of interrogatory answers or responses to requests for admissions, the designation shall be made by placing the legend "CONFIDENTIAL" on each page of any answer that contains Confidential Material.

(c) In the case of deposition transcripts, a designation can be made by any party (no later than 15 business days after receipt of the deposition transcript) by providing notice in writing to the other party that all or any portion of the deposition transcript be designated as "CONFIDENTIAL" under the terms of the Stipulation and Order. Prior to expiration of this 15-day period, all transcripts and the information contained therein, in whatever form, will be deemed to be "CONFIDENTIAL" under the terms of this Stipulation and Order. All copies of deposition transcripts that contain Confidential Material shall be prominently marked "CONFIDENTIAL" on the cover thereof.

6. If a party wishes to file with the Court any information or documents which the other party has designated as "CONFIDENTIAL," such materials or information shall be filed under seal pursuant Local Civil Rule 6.1. This Paragraph 6 shall not apply to the use of any Confidential Material at trial, although either party may seek a further order of this Court with regard to such issues if appropriate.

7. (a) No party concedes that any material designated by any other person as Confidential Material does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as Confidential Material. Any party may upon 10 days advance written notice to the other party move this Court for: (i) modification of this Confidentiality Stipulation and Protective Order, or (ii) relief from the provisions of this Confidentiality Stipulation and Protective Order. In addition, the parties may agree in writing or on the record to necessary modifications of this Confidentiality Stipulation and Protective Order.

(b) A party shall not be obligated to challenge the propriety of the designation of material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a party challenges such designation, it shall provide written notice

of such challenge to the designating person, and the parties shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the designating person or the challenging party may, on 10-day advance written notice to the other party, apply for appropriate ruling(s) from the Court. The material in issue shall continue to be treated as designated until the Court orders otherwise.

8. This Confidentiality Stipulation and Protective Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this litigation, including any appeals. At the completion of litigation, the ultimate disposition of any Confidential Material and Restricted Confidential Material shall be subject to a final order of the Court. Unless the Court shall order otherwise upon the completion of litigation, however, within 30 days of the conclusion of this litigation (including appeals), every party and person subject to the terms of this Confidentiality Stipulation and Protective Order (except counsel for the parties) shall be under an obligation to collect and return to the producing party or person all Confidential Material obtained from the producing party or person, and all copies of such Confidential Material. Notwithstanding the foregoing, there shall be no obligation to return any Confidential Material that became a part of the Court's record in this action (by use as a trial exhibit, inclusion in a court filing, inclusion in the record on any appeal, or otherwise).

9. Notwithstanding anything to the contrary contained in this Confidentiality Stipulation and Protective Order, the obligations of secrecy, confidentiality, non-disclosure, and non-use on the part of either party shall not apply to information which:

(a) is already in the unrestricted and rightful possession of the non-designating party or in the public domain at the time of receipt; or

(b) becomes public knowledge after receipt through no fault of the non-designating party, the non-designating party's counsel, or any expert or consultant retained by the non-designating party; or

(c) is transmitted to the non-designating party by a third party having no obligation to the designating party.

10. This Court shall retain jurisdiction over the parties and those persons subject to this Confidentiality Stipulation and Protective Order for purposes of enforcing the provisions of this Confidentiality Stipulation and Protective Order; and all parties consent to the personal jurisdiction of this Court for such purposes.

IT IS SO ORDERED.

Signed: January 21, 2014

David C. Keesler
United States Magistrate Judge

APPROVED BY:

/s/ David C. Kimball
David C. Kimball (NC Bar No. 36869)
**ROBINSON BRADSHAW & HINSON**
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
(704) 377-8106
(704) 378-4000 *facsimile*
dkimball@rbh.com

Thomas R. Crookes (OH Bar No. 0038969)
Gregory C. Scheiderer (OH Bar No. 0087103)
*Pro hac vice*
**VORYS, SATER, SEYMOUR
AND PEASE LLP**
106 South Main Street, Suite 1100
Akron, Ohio 44308
(330) 208-1000
(330) 208-1001 *facsimile*
trcrookes@vorys.com
gcscheiderer@vorys.com

*Counsel for Defendants, US Cotton, LLC
and US Cotton, LLC Long Term
Disability Plan*

/s/ Bryan L. Tyson
Bryan L. Tyson (N.C. Bar. No. 32182)
**MORETZ & SKUFCA, PLLC**
1514 S. Church Street, Suite 101
Charlotte, North Carolina 28203
(704) 367-3030, x 109
(704) 376-8522 *facsimle*
bryan@moretzandskufca.com

*Attorney for Plaintiff*

/s/ Hannah Stryon Symonds
Hannah Styron Symonds (NC Bar No. 28824)
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
260 Franklin Street
14th Floor
Boston, Massachusetts 02110
(617) 422-5302
(617) 423-6917 *facsimile*
hannah.symonds@wilsonelser.com

*Counsel for Defendant Reliance Standard Life
Insurance Company*